## CARRISO, Inc., v. UNITED STATES.
### No. 9098.

Circuit Court of Appeals, Ninth Circuit.

Sept. 18, 1939.

Frank L. Lawrence and George R. Tuttle, both of San Francisco, Cal. (Charles F. Lawrence and Lawrence & Tuttle, all of San Francisco, Cal., of counsel), for appellant.

Frank J. Hennessy, U. S. Atty., and S. P. Murman, Asst. U. S. Atty., both of San Francisco, Cal.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant, Carriso, Incorporated, brought this action against appellee, the United States, under § 24(20) of the Judicial Code, 28 U.S.C.A. § 41(20),[1] which provides that the district courts shall have original jurisdiction, concurrent with the

---

[1] Derived from the Act of March 3, 1887, c. 359, 24 Stat. 505, commonly known as the Tucker Act, and acts amendatory thereof.

Court of Claims, "of all claims not exceeding $10,000 founded upon the Constitution of the United States or any law of Congress, or upon any regulation of an executive department, or upon any contract, express or implied, with the Government of the United States, or for damages, liquidated or unliquidated, in cases not sounding in tort, in respect to which claims the party would be entitled to redress against the United States, either in a court of law, equity, or admiralty, if the United States were suable."

Appellee demurred[2] to the complaint[3] on the ground that it "fails to state facts sufficient to confer jurisdiction upon [the District Court]." The court sustained the demurrer and dismissed the complaint. From the judgment of dismissal, this appeal is prosecuted.

The complaint states that appellant was at all pertinent times the operating owner of vessels which, as required by statutes of the United States, were entered and cleared at the port of San Francisco-Oakland; that between February 11, 1932, and August 13, 1937, in consequence of such entrances and clearances, the Collector of Customs at said port exacted of appellant, as entrance and clearance fees, $139.50 and, as fees for surveyors' services other than the admeasurement of vessels, $43.34, a total of $182.84; that said entrance and clearance fees were exacted pursuant to and upon the supposed authority of § 2654 of the Revised Statutes and regulations thereunder;[4] that said surveyors' fees were exacted pursuant to and upon the supposed authority of § 4186 of the Revised Statutes and regulations thereunder;[5] and that said fees were paid by appellant under duress and compulsion, in order to obtain clearance of its vessels, to prevent their seizure and forfeiture, and to avoid prosecution of their masters under statutes of the United States.

The complaint states further—and this, of course, is a mere conclusion of law—that §§ 2654 and 4186 of the Revised Statutes were repealed by § 4(S) of the Act of October 3, 1913,[6] c. 16, 38 Stat. 114, 201, and by § 1 of the Act of March 3, 1933, c. 202, 47 Stat. 1428, 1431; that, therefore, said exactions were illegal; and that, having been illegally exacted, said fees should be refunded to appellant. Accordingly, judgment is prayed for $182.84.

Sections 2654 and 4186 of the Revised Statutes[7] provided as follows:

"Sec. 2654. There shall be allowed and paid for the use of the collectors the following fees:

"First. To each collector for every entrance of any vessel of one hundred tons burden and upward, two dollars and a half.

"Second. For every clearance of any vessel of one hundred tons burden and upward, two dollars and a half.

"Third. For every entrance of any vessel under the burden of one hundred tons, one dollar and a half.

"Fourth. For every clearance of any vessel under one hundred tons burden, one dollar and a half."[8]

"Sec. 4186. The fees to be allowed and paid to surveyors shall be as follows: For the admeasurement and certifying the same, of any vessel of one hundred tons and under, one cent per ton; for the admeasurement of any vessel above one hundred tons and not exceeding two hundred tons, one dollar and fifty cents; for the admeasurement of any vessel above two hundred tons, two dollars; for all other services to be performed by such surveyor, on board any vessel of one hundred tons or upward, having on board goods, wares, or merchandise subject to duty, three dollars; for the like services on board any vessel of less than one hundred tons burden, having on board goods, wares, or merchandise subject to duty, one a half dollars; on all vessels not having on board goods, wares, or merchandise subject to duty, two-thirds of a dollar. * * *"

As applied to vessels of the United

---

[2] Appellee's "motion to dismiss complaint for lack of jurisdiction" was, in effect, a demurrer. California Code of Civil Procedure, § 430(1). Having been filed prior to the effective date of the Federal Rules of Civil Procedure, it should have been called a demurrer, not a motion to dismiss.

[3] The complaint was labeled "petition for refund of money."

[4] Customs Regulations, 1931, Art. 208, p. 160.

[5] Id.

[6] Commonly known as the Underwood Tariff Act.

[7] As published in 1878.

[8] Fees for other services performed by collectors were prescribed in subsequent paragraphs of § 2654.

States, some, but not all, of the fees prescribed in §§ 2654 and 4186 of the Revised Statutes were abolished by § 1 of the Act of June 19, 1886, c. 421, 24 Stat. 79.[9] So far, and only so far, as they related to the fees thus abolished, §§ 2654 and 4186 were repealed by § 1. Section 1 did not abolish fees for the entrance or clearance of vessels. It abolished fees for the admeasurement of vessels of the United States and for some, but not all, of the other services mentioned in § 4186. The complaint indicates that the surveyors' fees here involved were for services other than the admeasurement of vessels, but does not indicate the character of such services. We assume, therefore, that the fees involved were not fees which § 1 abolished. For an ambiguous pleading must, of course, be construed against the pleader. Hence, we conclude, § 1 did not repeal any pertinent provision of § 2654 or of § 4186.

Section 22 of the Act of June 10, 1890, c. 407, 26 Stat. 131, 140, provided: "That all fees exacted * * * by officers of the customs, except as provided in this act, under or by virtue of the existing laws of the United States, upon the entry of imported goods and the passing thereof through the customs, and also upon all entries of domestic goods, wares, and merchandise for exportation, be, and the same are hereby, abolished * * *." The fees referred to were those which formerly were exacted upon entries of *goods*. There was no mention of fees for entrance or clearance of *vessels* or for surveyors' services. Section 22 did not repeal § 2654 or § 4186 of the Revised Statutes, nor did it abolish any fees therein prescribed.

■ The Treasury Department did not interpret § 22 as repealing § 2654 or § 4186 of the Revised Statutes or as abolishing any fees therein prescribed. On the contrary, the Department continued to collect such fees, thus evidencing its belief that §§ 2654 and 4186 had not been repealed. Such collections were expressly provided for in Customs Regulations, 1908, Art. 1682, p. 697, promulgated January 2, 1908. Thereafter, § 22 was reenacted as subsection 21 of § 28 of the Act of August 5, 1909,[10] c. 6, 36 Stat. 11, 102. By such reenactment, Congress approved and adopted the De-

partment's interpretation. Brewster v. Gage, 280 U.S. 327, 336, 337, 50 S.Ct. 115, 74 L.Ed. 457; United States v. Dakota-Montana Oil Co., 288 U.S. 459, 466, 53 S. Ct. 435, 77 L.Ed. 893; Helvering v. Bliss, 293 U.S. 144, 151, 55 S.Ct. 17, 79 L.Ed. 246, 95 A.L.R. 207; Zellerbach Paper Co. v. Helvering, 293 U.S. 172, 179, 180, 55 S.Ct. 127, 79 L.Ed. 264; McFeely v. Commissioner, 296 U.S. 102, 108, 56 S.Ct. 54, 80 L. Ed. 83, 101 A.L.R. 304; United States v. Safety Car Heating & Lighting Co., 297 U. S. 88, 95, 56 S.Ct. 353, 80 L.Ed. 500; Hassett v. Welch, 303 U.S. 303, 310-313, 58 S. Ct. 559, 82 L.Ed. 858; Lang v. Commissioner, 304 U.S. 264, 270, 58 S.Ct. 880, 82 L.Ed. 1331, 118 A.L.R. 319.

■ Section 1 of the Act of August 24, 1912, c. 355, 37 Stat. 417, 434,[11] authorized the President to reorganize the customs service and provided that such reorganization should be communicated to Congress at its next regular session and should constitute, for the fiscal year 1914 and until otherwise provided by Congress, the permanent organization of the customs service. Accordingly, the President, on March 3, 1913, communicated to Congress a plan of reorganization, § 4 of which[12] provided:

"There shall be one collector of customs for each of the customs collection districts above established, who shall receive the compensation hereafter set forth, which shall constitute all the compensation and emoluments to be received by him and which shall be in lieu of all fees, commissions, salaries, or other emoluments of any name or nature * * * heretofore received by or allowed to him.

"All moneys collected or received by such collectors of customs in their official capacities, whether as fees * * * or otherwise, shall be covered into the Treasury."

The reorganization did not, expressly or by implication, repeal § 2654 or § 4186 of the Revised Statutes, nor did it abolish any fees. It did, however, require fees received by collectors to be covered into the Treasury, instead of being retained by them. To this extent only, § 2654 of the Revised Statutes was modified by the reorganization of the customs service.[13] Sec-

---

[9] See 19 U.S.C.A. § 58, 46 U.S.C.A. § 331, and historical notes thereto.

[10] Commonly known as the Payne-Aldrich Tariff Act.

[11] See 19 U.S.C.A. § 1 and historical note thereto.

[12] Id.

[13] See 19 U.S.C.A. § 58 and historical note thereto.

tion 4186 was unaffected by the reorganization.

Appellant quotes from Tariff Hearings, Committee on Ways and Means, 62d Congress, 1913, House Document 1447, pp. 6304, 6337, testimony of a witness (James F. Curtis, Assistant Secretary of the Treasury) to the effect that, in his opinion, subsection 21 of § 28 of the Act of August 5, 1909, "abolishes fees, except as specifically retained," and that the plan of reorganization which the President then[14] had under consideration "will abolish the whole fee system if the President approves it." If, by this, the witness meant that, in his opinion, the fees prescribed in §§ 2654 and 4186 of the Revised Statutes had been abolished by subsection 21, or would be abolished by the proposed reorganization, he was in error. Whether that was or was not what the witness meant need not be considered.

Section 4(S) of the Act of October 3, 1913, supra, provided: "That, except as hereinafter provided, sections one to forty-two both inclusive, of [the Act of August 5, 1909, supra] and all Acts and parts of Acts inconsistent with the provisions of this Act, are hereby repealed: Provided, That nothing in this Act shall be construed to permit any * * * fees to be charged * * * nor to repeal or in any manner affect the following numbered sections of the aforesaid Act [of August 5, 1909] * * *." These were subsections 12, 29 and 30 of § 28 and §§ 30, 31, 32, 33, 35, 36, 39 and 40.

Thus § 4(S) of the Act of October 3, 1913, repealed, inter alia, subsection 21 of § 28 of the Act of August 5, 1909, but, in repealing subsection 21, Congress did not intend to reestablish the fees which subsection 21 had abolished. To make this clear, it inserted in § 4(S) the proviso that nothing in the repealing act should be construed to permit any fees to be charged. The fees referred to were those abolished by subsection 21, namely, the fees which formerly were exacted upon entries of *goods*. Section 4(S) did not abolish any fees. It merely forbade a construction which would have reestablished fees previously abolished. It did not mention or refer to, much less repeal, §§ 2654 or § 4186 of the Revised Statutes.

The Treasury Department did not interpret § 4(S) as repealing § 2654 or § 4186 of the Revised Statutes or as abolishing any fees therein prescribed. On the contrary, it continued to collect such fees, thus evidencing its belief that §§ 2654 and 4186 had not been repealed. Such collections were expressly provided for in Customs Regulations, 1915, Art. 982, pp. 482, 483; Id., 1923, Art. 1104, p. 568; Id., 1931, Art. 208, p. 160. Even if § 4(S) were regarded as ambiguous or doubtful, the Department's interpretation should not be disturbed except for weighty reasons. Brewster v. Gage, supra; Fawcus Machine Co. v. United States, 282 U.S. 375, 378, 51 S. Ct. 144, 75 L.Ed. 397. No such reasons have been shown.

By the Act of July 5, 1932, c. 430, Title 1, 47 Stat. 580, 584, 19 U.S.C.A. § 5a, the office of surveyor of customs (except at the port of New York) was abolished, and the duties theretofore imposed upon surveyors were transferred to and imposed upon other positions in the customs service, to be designated by the Secretary of the Treasury. The Act did not abolish any fees, nor did it repeal § 2654 or § 4186 of the Revised Statutes.

Section 4186 was expressly repealed by § 1 of the Act of March 3, 1933, supra. Section 2654 was not repealed, but remained and, so far as we are advised, is still in effect. It appears from the complaint that, of the $43.34 exacted of appellant as surveyors' fees upon the supposed authority of § 4186, $28.34 was exacted after March 3, 1933 To that extent, and to that extent only, the exactions complained of were illegal.

Appellee concedes that, if surveyors' fees were exacted of appellant after March 3, 1933, such exactions were illegal, but contends that the only remedy available to appellant was that provided in § 26 of the Act of June 26, 1884, c. 121, 23 Stat. 59, 18 U.S.C.A. § 643, reading as follows: "Whenever any fine, penalty, forfeiture, exaction, or charge arising under the laws relating to vessels or seamen has been paid to any collector of customs or consular officer, and application has been made within one year from such payment for the refunding or remission of the same, the Secretary of the Treasury, if on investigation he finds that such fine, penalty, forfeiture, exaction, or charge was illegally, improperly, or excessively imposed, shall have the power, either before or after the same has been covered into the Treasury, to refund so much of such fine, penalty,

---

[14] This was in February, 1913.

forfeiture, exaction, or charge as he may think proper, from any moneys in the Treasury not otherwise appropriated."

■ We assume, without deciding, that appellant might have availed itself of the administrative remedy which this section provides, that is to say, might have applied to the Secretary of the Treasury for a refund of the fees which it claims were illegally exacted of it—a refund which, regardless of the legality or illegality of the exactions, the Secretary might have granted or withheld, as he saw fit. It does not follow, however, that this was appellant's only remedy. Long before the *administrative* remedy was provided, Congress had, by § 1 of the Act of February 24, 1855, c. 122, 10 Stat. 612, now embodied in § 145(1) of the Judicial Code, 28 U.S.C.A. § 250(1), provided a *judicial* remedy in such cases. That remedy was by suit or action in the Court of Claims, which had, and still has, jurisdiction to hear and determine claims such as appellant's. That jurisdiction was not impaired or in anywise affected by § 26 of the Act of June 26, 1884, supra. By § 2 of the Act of March 3, 1887, c. 359, 24 Stat. 505, now embodied in § 24(20) of the Judicial Code, 28 U.S.C.A. § 41(20), supra, concurrent jurisdiction of claims such as appellant's was vested in the district courts.

■ Appellee contends that this is a case sounding in tort, within the meaning of § 24(20) of the Judicial Code, 28 U.S.C.A. § 41(20), and that, therefore, the District Court had no jurisdiction. This contention, which the District Court upheld, must be rejected. It appears from the complaint that the surveyors' fees in question were exacted of appellant under and pursuant to § 4186 of the Revised Statutes and were, in fact, the fees therein prescribed. Appellant's claim is that the fees were exacted, not tortiously, but illegally, in that they were exacted after § 4186 had been repealed.

Thus, in effect, appellant claims that the Collector misconstrued and misapplied § 4186, that is to say, construed it as remaining in effect after it had been repealed, and

so applied it to appellant; and that, therefore, the fees should be refunded. Such a claim does not sound in tort. It is a claim founded upon a law of Congress, within the meaning of § 24(20) of the Judicial Code, 28 U.S.C.A. § 41(20). Compare Dooley v. United States, 182 U.S. 222, 223–228, 21 S.Ct. 762, 45 L.Ed. 1074; United States v. Hvoslef, 237 U.S. 1, 7–10, 35 S.Ct. 459, 59 L.Ed. 813, Ann.Cas.1916A, 286; United States v. Emery, Bird, Thayer Realty Co., 237 U.S. 28, 30–32, 35 S.Ct. 499, 59 L.Ed. 825; Christie-Street Commission Co. v. United States, 8 Cir., 136 F. 326, 327–331; Compagnie Generale Transatlantique v. United States, D.C., 21 F.2d 465, 466, affirmed in United States v. Compagnie Generale Transatlantique, 2 Cir., 26 F.2d 195.

Appellee contends that a repealed law, upon the supposed authority of which it has demanded and received money, is not a law, within the meaning of § 24(20) of the Judicial Code, 28 U.S.C.A. § 41(20). This contention is unsupported by authority and obviously unsound. No repealed law was involved in United States v. Holland-America Lijn, 254 U.S. 148, 41 S.Ct. 72, 65 L.Ed. 193; or in Baltimore Mail S. S. Co. v. United States, 4 Cir., 76 F.2d 582, cited by appellee. Each of those cases involved exactions not authorized or provided for by any law, repealed or unrepealed.

Appellant's claim is founded not only upon § 4186 of the Revised Statutes, but also upon § 1 of the Act of March 3, 1933, by which § 4186 was repealed. Thus, the claim is founded upon two laws of Congress. It was clearly within the jurisdiction of the District Court. The demurrer should be overruled. Appellee should be required to answer so much of the complaint as relates to surveyors' fees, amounting to $28.34, alleged to have been exacted of appellant after March 3, 1933. Other portions of the complaint should be stricken out or disregarded.

Judgment reversed and case remanded for further proceedings in conformity with this opinion.