EVERSHARP, Inc.,
v.
The UNITED STATES.
No. 593-53.

United States Court of Claims
July 12, 1956.

William D. Donnelly, Bethesda, Md., for plaintiff.

Harland F. Leathers, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

MADDEN, Judge.

The basis for the plaintiff's suit is that the Government collected from it six percent interest on money which the plaintiff had to repay to the Government as a result of a renegotiation order, and that the Government should have collected only a reasonable rate of interest, which would have been four percent.

The Government filed a motion to dismiss, which we overruled, 125 F.Supp. 244, 129 Ct.Cl. 772. Now both parties have filed motions for summary judgment. There is no issue of fact to be resolved. Our recital of the facts will be brief. They are more fully stated in our former opinion.

The plaintiff's predecessor, herein also referred to as the plaintiff, performed war contracts for the Government. The War Department Price Adjustment Board determined that it had realized excessive profits of $775,459 on such contracts in 1944. It had, of course, paid income and excess profits taxes on those profits, so that if it gave up the profits the Government would have to pay back some of the taxes. The computation resulted in a net charge against the plaintiff of $304,228.52, directed to be paid on August 21, 1946. The plaintiff, as it had a right to do under the statute, filed a timely petition with the Tax Court of

the United States for a redetermination of its alleged excessive profits.

By April 23, 1947, the Government had collected some $35,000 from the plaintiff by withholding sums otherwise due it. On that date the Government and the plaintiff entered into an agreement under which the plaintiff was to make payments of installments which should first be credited against accrued interest at six percent and then against principal. The agreement was clear that the payments would be made under protest and without prejudice to the rights which might arise from a legal determination of the claims of the parties. The plaintiff paid $326,824.37 under this agreement.

On December 31, 1952, the Tax Court decided that the plaintiff's excess profits were $528,835, and not $775,459 as the Price Adjustment Board had determined. A recomputation of the tax credits resulting from the lower excessive profits figure was made, and it showed that the Government had collected $31,316.77 more than it was entitled to under the Tax Court decision, and that it owed the plaintiff $5,863.49 of interest on the over-collection. The Tax Court had made no decision as to what the proper rate of interest to be charged the plaintiff should be, since it was not authorized to decide that question. In the Government's computation of the plaintiff's overpayments, it again charged the plaintiff six percent interest on the plaintiff's indebtedness to the Government, during the time that that indebtedness was being paid off in installments, and allowed the plaintiff four percent interest on its overpayments after the time that the plaintiff's payments exceeded what it owed. The four percent rate to be paid by the Government was provided in the Renegotiation Act of 1951, 65 Stat. 23, 50 U.S.C.A. Appendix, § 1231(f). On April 27, 1953, the Government sent the plaintiff a check for $37,180.26 which represented the Government's computation of the plaintiff's overpayments of principal and interest, plus the four percent interest payable by the Government upon the overpayments. The plaintiff made clear to the Government that it was accepting the check merely as a payment on account, and repeated its contention that the Government had no right to charge it six percent interest on its indebtedness.

As our former opinion shows, the Renegotiation Act did not fix the rate of interest which a war contractor should pay the Government on his excessive profits, during the time between the determination of those excessive profits and his repayment of them to the Government. Nor did the statute expressly authorize the Executive to fix a rate of interest by regulation. The War Contracts Price Adjustment Board purported to set a rate of six percent by regulation. The great weight of authority in the cases involving the question is that the regulation is invalid, and that the Government is entitled only to a reasonable rate of interest, to be determined by the court in which the litigation takes place. We indicated in our former opinion that the four percent rate for which the plaintiff contends seemed to us reasonable, and we are still of that view.

■ The Government urges that if it had been obliged to sue the plaintiff to recover the excessive profits, it would have sued in the United States District Court in either New Jersey, where the plaintiff's predecessor was incorporated, or in Delaware, where the plaintiff was incorporated; that in either case the District Court would have been bound by the decision of the Court of Appeals for the Third Circuit in United States v. Philmac Mfg. Co., 192 F.2d 517, which held that the regulation fixing the six percent rate was valid. The statement as to where the suit would have been brought is speculative, of course. The plaintiff cites several instances in which such suits have been brought, not in the State of the contractor's incorporation, but in some other State, such as one in which the contractor carried on business. In any event, speculation as to where the Government would have sued is irrelevant. We held, in our prior decision, that the regulation providing for six per-

cent interest was invalid. It follows from that decision that we must determine what rate of interest would be reasonable. We cannot abdicate that function to another court where the litigation might have occurred, if it had not occurred here, which other court, if it had adhered to its prior view, would have held that six percent interest was collectible, not because it was reasonable, but because it was fixed by a regulation having the force of law.

■ The Government says that the plaintiff's claim is barred by the Statute of Limitations. The agreement of the parties that the plaintiff would pay the sum demanded by the Government, with six percent interest was made on April 23, 1947, more than six years before the filing of the petition herein. The Government says that the Statute of Limitations with regard to a claim that the rate of interest was too high accrued at that time. It will be remembered that the agreement provided that the payments were to be without prejudice to the rights of the parties, as they might be determined by litigation. Litigation was then pending in the Tax Court. The plaintiff proceeded to pay by installments, paying its last two installments, amounting to some $100,000 in June and July 1948, within six years before the date of filing its petition. Until it made these payments, it had not overpaid its debt, and had no right to recover anything.

Even after the plaintiff had made the June and July 1948 payments, it had no right to sue for anything, until the Tax Court, in December 1952, determined that the Government had collected more than it was entitled to collect. Then, for the first time, accrued to the plaintiff the right to sue to recover a definite sum for interest illegally collected from it. The question could not have been litigated before that time except in the abstract, in some proceeding requesting a declaratory judgment as to the proper rate of interest on what would later be determined to be the proper amount of principal. No such proceeding for a declaratory judgment was available to the plaintiff.

■ The Government should have charged the plaintiff only four percent interest. The plaintiff is entitled to have the computation of its installment payments recast, to charge it at the lesser rate of interest and credit it with larger payments on the principal.

The defendant's motion for summary judgment is denied. The plaintiff's motion for summary judgment is granted. Plaintiff is entitled to recover and judgment will be entered to that effect with the amount of recovery to be determined pursuant to Rule 38(c), 28 U.S.C.A.

It is so ordered.

JONES, Chief Judge, and LARAMORE, WHITAKER and LITTLETON, Judges, concur.