Arthur J. **FRITZ, Jr., Plaintiff-Appellant,**

v.

**UNITED STATES of America et al., Defendants-Appellees.**

No. 75–1227.

United States Court of Appeals, Ninth Circuit.

May 19, 1976.

---

* The Honorable Jesse W. Curtis, United States District Judge for the Central District of California, sitting by designation.

John J. Ruprecht (argued), of Ruprecht, Delich & U'Ren, San Francisco, Cal., for plaintiff-appellant.

Velta A. Melnbrencis, Asst. Atty. Gen. of U. S. Dept. of Justice, Civil Division, Customs Section, New York City (argued), for defendants-appellees.

## OPINION

Before SMITH* and WRIGHT, Circuit Judges, and WILLIAMS,** District Judge.

SMITH, Circuit Judge:

Arthur J. Fritz, Jr. (hereinafter Fritz) owns and operates a customhouse brokerage firm. On or about September 4, 1971, as a result of a clerical mistake made by one of his own employees, Fritz overpaid almost $6,000 in customs duties on imported merchandise brokered by his firm. This mistake went undetected until November 27, 1972 when it was discovered by Fritz's auditors.

On December 4, 1972, Fritz, utilizing the procedures established by 19 U.S.C. § 1520(c), applied for an administrative refund of his excess customs payment. The Customs Bureau while acknowledging that Fritz had made an overpayment, ruled that his claim for a refund was time-barred by 19 U.S.C. § 1520(c)(1) since more than one year had elapsed between the overpayment and the subsequent claim for an administrative refund.

Rebuffed in his attempt to obtain administrative redress, Fritz filed an action in the United States District Court for the Northern District of California (Samuel Conti, *Judge*) in a further effort to force a refund of his excess customs payment. However, Judge Conti, in a well-reasoned opinion, dismissed Fritz's action holding that, as a result of the subject matter of the suit, the Customs Court was the only federal court with jurisdiction to entertain Fritz's claim.

This appeal followed.

For the reasons outlined below, we agree with Judge Conti that the Customs Court has exclusive jurisdiction over matters such as that raised by Fritz's suit and that the district court consequently lacked jurisdiction over the action filed below. Accordingly, the suit was properly dismissed.

We therefore affirm.

### I.

■ Fritz argues that the district court had jurisdiction over his action by virtue of the Tucker Act. That Act provides in pertinent part:

> (a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:
>
> \*   \*   \*   \*   \*   \*
>
> (2) *Any* other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress.

· · ·

28 U.S.C. § 1346(a)(2) (emphasis added).

There is no question but that Fritz's claim for a refund of his excess customs payment falls within the literal language of this statute. Nevertheless, we agree with Judge Conti that § 1346(a)(2), notwithstanding its all-embracing language, did not give the district court jurisdiction over Fritz's action.

The broad provisions of the Tucker Act must be construed in conjunction with 28 U.S.C. § 1582(a), which provides:

* The Honorable J. Joseph Smith, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

** The Honorable David W. Williams, United States District Judge for the Central District of California, sitting by designation.

(a) The Customs Court shall have *exclusive jurisdiction* of civil actions instituted by any person whose protest pursuant to the Tariff Act of 1930, as amended, has been denied, in whole or in part, by the appropriate customs officer, where the administrative decision, including the legality of all orders and findings entering into the same, involves:

\*  \*  \*  \*  \*  \*

(7) the refusal to reliquidate an entry under [19 U.S.C. § 1520].

28 U.S.C. § 1582(a) (emphasis added).

There is, of course, a conflict in the literal terms of these two statutes. 28 U.S.C. § 1346(a)(2) confers upon the district courts jurisdiction over "any" civil action against the United States in which the damages sought are less than $10,000. However, 28 U.S.C. § 1582(a) expressly gives the Customs Court exclusive jurisdiction over actions relating to specified customs matters. 28 U.S.C. § 1582(a), if applied literally, must carve out an exception to the broad mandate of 28 U.S.C. § 1346(a)(2) which, on its face, makes no special exemption for customs cases.

The conflict between § 1582(a) and general jurisdictional provisions, such as § 1346(a)(2), is one which the courts have confronted before. Repeatedly, the courts of this and other circuits have held that the jurisdiction of the Customs Court is exclusive and that, notwithstanding the broad, all-encompassing language of statutes such as 28 U.S.C. § 1346(a)(2), the district courts have no jurisdiction over matters which 28 U.S.C. § 1582(a) confides exclusively to the Customs Court. See, *e. g., J. C. Penney Co. v. United States Treasury Dept.*, 439 F.2d 63 (2d Cir. 1971); *Riccomini v. United States*, 69 F.2d 480 (9th Cir. 1934).

Since these earlier decisions have discussed at length the rationale for their holdings, it is unnecessary for us to review here the relevant considerations. Suffice it to say that the exclusivity of Customs Court jurisdiction, as embodied in the language of 28 U.S.C. § 1582(a), represents a considered congressional policy articulated in most explicit terms. The legislative history of § 1582(a), and its predecessors, makes clear that Congress intended § 1582(a) to prevail over any broadly-worded statutes which, on their face, might appear to grant concurrent jurisdiction over customs matters to the district courts. *J. C. Penney, supra*, at 66.

Fritz has demonstrated no reason for us to change our view of the congressional intent behind § 1582(a). That intent must be accorded controlling weight.

Hence, we adhere to the decisions of the various courts of appeals holding that the district courts have no jurisdiction over matters which are confided to the exclusive authority of the Customs Court by the terms of 28 U.S.C. § 1582(a). We further hold that the exclusivity of Customs Court jurisdiction under § 1582(a) is not affected or impaired by other statutes, such as 28 U.S.C. § 1346(a)(2), whose expansive terms confer general jurisdiction on the district courts. Conflicts between broad grants of jurisdiction to the district courts and the grant of exclusive jurisdiction to the Customs Court are to be resolved by upholding the exclusivity of the Customs Court's jurisdiction.

## II.

Fritz nevertheless cites *Carriso v. United States*, 106 F.2d 707 (9th Cir. 1939), and argues, on its authority, that the Tucker Act gives the district courts jurisdiction concurrent with that of the Customs Court, notwithstanding the literal terms of 28 U.S.C. § 1582(a) and the extensive case law affirming the exclusivity of the Customs Court's jurisdiction.

Reliance on *Carriso* is misplaced. *Carriso* merely held that Tucker Act jurisdiction was available in the district courts to challenge certain navigation fees collected by Treasury officials. The *Carriso* court did not address the issue of the Customs Court's jurisdiction since that issue was not raised by the parties.

Indeed, the *Carriso* opinion never even refers to the Customs Court probably be-

cause the claim raised by the plaintiff in *Carriso* was clearly outside the jurisdiction of the Customs Court. *Puget Sound Freight Lines v. United States*, 173 F.2d 578, 581–82, 36 CCPA 70 (1949). Hence, no question of competing jurisdiction arose in *Carriso* since there was no basis for asserting Customs Court jurisdiction in the first place.

■ In short, it is well-established that § 1582(a) means what it says: the jurisdiction of the Customs Court is exclusive. Even when other, broadly-worded statutes seem to confer concurrent jurisdiction on the district courts, the exclusivity of Customs Court jurisdiction reflects a policy of paramount importance which overrides the literal effect of such statutes as 28 U.S.C. § 1346(a)(2).

### III.

■ In an attempt to avoid the implications of this conclusion, Fritz argues that,

1. 28 U.S.C. § 1582(c) reads as follows:
   (c) The Customs Court shall not have jurisdiction of an action unless (1) either a protest has been filed, as prescribed by section 514 of the Tariff Act of 1930, as amended, and denied in accordance with the provisions of section 515 of the Tariff Act of 1930, as amended, or if the action relates to a decision under section 516 of the Tariff Act of 1930, as amended, all remedies prescribed therein have been exhausted, and (2) except in the case of an action relating to a decision under section 516 of the Tariff Act of 1930, as amended, all liquidated duties, charges or exactions have been paid at the time the action is filed.

2. 19 U.S.C. § 1514(b)(1) reads as follows:
   (b)(1) A protest of a decision under subsection (a) of this section shall be filed in writing with the appropriate customs officer designated in regulations prescribed by the Secretary, setting forth distinctly and specifically each decision described in subsection (a) of this section as to which protest is made; each category of merchandise affected by each such decision as to which protest is made; and the nature of each objection and reasons therefor. Only one protest may be filed for each entry of merchandise, except that where the entry covers merchandise of different categories, a separate protest may be filed for each category. In addition, separate protests filed by different authorized persons with respect to any one category of merchandise that is the subject of a protest

for procedural reasons, his suit is not one over which the Customs Court can exercise jurisdiction. Fritz's argument may be summarized as follows.

Under 28 U.S.C. §§ 1582(a) and (c), the Customs Court exercises jurisdiction only if an administrative "protest" has been denied "by the appropriate customs officer." [1] The "protest" to which §§ 1582(a) and (c) refer must be made in accordance with the formal procedures established by 19 U.S.C. § 1514(b)(1). [2] Thus, if there is no compliance with the protest procedures of § 1514(b)(1), there is no jurisdiction in the Customs Court.

However, Fritz points out, in addition to a formal protest pursuant to § 1514(b)(1), a clerical error, such as that giving rise to this controversy, may be challenged under a less elaborate administrative procedure established by 19 U.S.C. § 1520(c). [3]

According to Fritz's interpretation of this statutory scheme, the availability of two

are deemed to be part of a single protest. A protest may be amended, under regulations prescribed by the Secretary, to set forth objections as to a decision or decisions described in subsection (a) of this section which were not the subject of the original protest, in the form and manner prescribed for a protest, any time prior to the expiration of the time in which such protest could have been filed under this section. New grounds in support of objections raised by a valid protest or amendment thereto may be presented for consideration in connection with the review of such protest pursuant to section 1515 of this title at any time prior to the disposition of the protest in accordance with that section. Except as otherwise provided in section 1557(b) of this title, protests may be filed by the importer, consignee, or any authorized agent of the person paying any charge or exaction, or filing any claim for drawback, or seeking entry or delivery, with respect to merchandise which is the subject of a decision in subsection (a) of this section.

3. 19 U.S.C. § 1520(c) reads as follows:
   (c) Notwithstanding a valid protest was not filed, the appropriate customs officer may, in accordance with regulations prescribed by the Secretary, reliquidate an entry to correct—
   (1) a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law, adverse to the

different, allegedly independent administrative remedies, one under § 1514(b)(1) and the other under § 1520(c), creates two different routes to judicial review, one which leads to the Customs Court, the other which leads to the district court. If a formal § 1514(b)(1) protest is filed, according to Fritz, the Customs Court assumes exclusive jurisdiction by virtue of § 1582(a). However, Fritz asserts, if a person utilizes the less elaborate procedure available under § 1520(c), there is no formal protest and thus no Customs Court jurisdiction, exclusive or otherwise.

Hence, pursuit of the § 1520(c) remedy obviates the need to utilize the formal protest mechanism of § 1514(b)(1), Fritz argues, and, when a § 1520(c) challenge is denied (as it was here), jurisdiction attaches to the district court under the Tucker Act, since the jurisdiction of the Customs Court is predicated on the prior filing of a § 1514(b)(1) protest.

The court below rejected this argument and properly so.

Fritz is wrong when he asserts that § 1520(c) establishes a separate administra-

tive channel independent of the procedures prescribed by § 1514(b)(1). The statutory provisions which establish the formal protest machinery specifically provide that persons, like Fritz, who utilize the informal administrative channels of § 1520(c) must acquiesce to the resulting decision or, if dissatisfied, must continue their challenge through the formal protest mechanism of § 1514(b)(1). 19 U.S.C. § 1514(a)(7).[4] Accordingly, the simplified procedure established by § 1520(c) is not an alternative to the formal protest machinery, but rather is an optional, preliminary step which can be utilized before a person files a formal protest.

Thus, § 1520(c) does not obviate the need for going through the formal protest mechanism. The statutory route which starts with § 1520(c) necessarily goes through § 1514(b)(1) and from there to the Customs Court.

Hence, it is incorrect to claim that Fritz had available, in the form of a § 1520(c) complaint, an administrative procedure which obviated the need to utilize the formal protest mechanism of § 1514(b)(1). By

importer and manifest from the record or established by documentary evidence, in any entry, liquidation, or other customs transaction, when the error, mistake, or inadvertence is brought to the attention of the customs service within one year after the date of entry, or transaction, or within ninety days after liquidation or exaction when the liquidation or exaction is made more than nine months after the date of the entry, or transaction; or

(2) any assessment of duty on household or personal effects in respect of which an application for refund has been filed, with such employee as the Secretary of the Treasury shall designate, within one year after the date of entry.

4. 19 U.S.C. § 1514(a) reads as follows:

(a) Except as provided in section 1501 of this title (relating to voluntary reliquidations), section 1516 of this title (relating to petitions by American manufacturers, producers, and wholesalers), section 1520 of this title (relating to refunds and errors), and section 1521 of this title (relating to reliquidations on account of fraud), decisions of the appropriate customs officer, including the legality of all orders and findings entering into the same, as to—

(1) the appraised value of merchandise;

(2) the classification and rate and amount of duties chargeable;

(3) all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury;

(4) the exclusion of merchandise from entry or delivery under any provision of the customs laws;

(5) the liquidation or reliquidation of an entry, or any modification thereof;

(6) the refusal to pay a claim for drawback; and

(7) the refusal to reliquidate an entry under section 1520(c) of this title,

shall be final and conclusive upon all persons (including the United States and any officer thereof) unless a protest is filed in accordance with this section, or unless a civil action contesting the denial of a protest, in whole or in part, is commenced in the United States Customs Court in accordance with section 2632 of Title 28 within the time prescribed by section 2631 of that title. When a judgment or order of the United States Customs Court has become final, the papers transmitted shall be returned, together with a copy of the judgment or order to the appropriate customs officer, who shall take action accordingly.

virtue of 19 U.S.C. § 1514(a)(7), rejections of § 1520(c) complaints, like Fritz's, must be acquiesced to or protested under § 1514(b)(1). Once a protest is made under § 1514(b)(1), jurisdiction over any subsequent judicial appeal lies exclusively in the Customs Court. 28 U.S.C. § 1582(a).

## IV.

Finally, Fritz argues that the district court had jurisdiction over his action by virtue of 28 U.S.C. § 1340.[5] However, that provision specifically states that matters within the jurisdiction of the Customs Court are excluded from the scope of the district courts' jurisdiction. Since, as discussed above, there is no question but that the Customs Court has jurisdiction over this matter by virtue of 28 U.S.C. § 1582(a), § 1340 provides no support for Fritz's claim of district court jurisdiction.

## V.

In summary, the district court acted properly in dismissing Fritz's action for lack of jurisdiction. Under the provisions of 19 U.S.C. § 1514(a)(7), the denial of Fritz's administrative complaint under 19 U.S.C. § 1520(c) was to be considered final unless protested through the formal mechanism of 19 U.S.C. § 1514(b)(1). Thus, under the provisions of 28 U.S.C. §§ 1582(a) and (c), Fritz's complaint was within the exclusive jurisdiction of the Customs Court, notwithstanding the general jurisdiction conferred upon the district courts by other statutes. Hence, the district court lacked authority to entertain Fritz's action.

Affirmed.

---

**5.** 28 U.S.C. § 1340 reads as follows:

The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the Customs Court.